54 CCPA

**In the Matter of the Application of James H. CASEY.**

**Patent Appeal No. 7718.**

United States Court of Customs and Patent Appeals.

Jan. 12, 1967.

Charles H. Lauder, St. Paul, Minn., for appellant.

Joseph Schimmel, Washington, D. C. (S. William Cochran, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, SMITH, and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.*

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

ALMOND, Judge.

This is an appeal from the decision of the Patent Office Board of Appeals affirming the rejection of claims 1 through 6 of appellant's application [1] entitled "Brush Fed Tape Dispenser." Claims 7 and 8 were allowed.

The claimed invention relates to a machine for dispensing adhesive tape.

Claim 1 is illustrative:

1. A taping machine comprising a supporting structure, a brush attached to said supporting structure, said brush being formed with projecting bristles which terminate in free ends to collectively define a surface to which adhesive tape will detachably adhere, and means for providing relative motion between said brush and said supporting structure while adhesive tape is adhered to said surface.

Figures 2 and 3 of appellant's drawings are depicted below:

The machine comprises a mounting plate 20, a hub 35 rotatably attached thereto carrying a supply roll 34 of tape T, a roller guide 42 rotatably attached

1. Serial No. 10,239, filed February 23, 1960.

to the mounting plate 20, a brush 24 rotatably attached to said mounting plate for rotation counterclockwise in response to propulsion from motor 21, and a knife 50 mounted on a pivoted arm 52 operated by solenoid 54. Tape T is threaded around roller guide 42 and the adhesive side of the tape is then adhered to the surface formed by the free ends of bristles 25 of brush 24. Operation of motor 21 will cause tape T to be pulled from supply roll 34 and moved through the machine by reason of its adhesion to brush 24. Operation of solenoid 54 brings knife 50 in contact with tape T to sever same while it is adhered to the ends of the bristles of the brush.

The references are:

| Kienzle | 2,142,728 | January 3, 1939 |
| Hackett | 2,763,481 | September 18, 1956 |
| Engberg | Re 22,945 | December 2, 1947 |

———◆———

Kienzle shows a device for perforating various types of sheet materials by use of needle-like pins. Kienzle states:

> * * * these pins can form a single group or a plurality of groups arranged side by side or behind one another, or also in staggered positions and they can be operated so as to move simultaneously, or they can be timed differently. For supporting the sheet to be perforated I use a carrier which is * * * an open structure * * * to let the pins enter freely when they penetrate the sheet farther than its thickness. * * * [The] carrier * * * may be a drum the surface of which consists of felt, or of a brush * * * which likewise can support the sheet against the action of the pins without offering the said pins any resistance against penetrating.

Kienzle's sheet is supported by a rotary brush with open end bristles.

Hackett shows a tape dispensing device having a dispensing drum rotatably mounted on supporting means. The drum supports fins to which adhesive tape is adhered. Tape is advanced from a supply through rotational movement of the drum by pneumatic means. The tape is severed by means of a blade.

Engberg discloses apparatus for dispensing adhesive tape by adhering the tape to spaced carriers in the form of transverse blades carried in orbit by an endless belt around two rotary toothed drums. A flat spring guides and presses the adhesive side of the tape against the blades. The belt and adhered tape are advanced by operation of a handle. The tape is severed between two tape feeding blades by a cutting blade.

In rejecting claim 1 the examiner applied 35 U.S.C. § 103 and held the claim unpatentable over Kienzle. In analyzing claim 1 the examiner pointed out the structural limitations therein and found them all met by Kienzle except the support for the brush which he considered obvious. He stated that:

> The remainder of the claim is made up of the preamble and functional language which incorporates therein a specific workpiece (adhesive tape) which is considered to be patentably immaterial.

Again applying 35 U.S.C. § 103, the examiner rejected claims 2 to 6 as unpatentable over Kienzle in view of Hackett. He noted that claims 2–4 differ from claim 1 only in the addition of a severing means and that claims 5 and 6 further add a means to support the tape supply and a guiding means to aid delivery to the feed roll. The examiner pointed to the fact that Kienzle discloses a perforating means which punctures the sheet material supported on the brush bristles, which material passes between the perforating means and the rotatable brush. He also noted that Hackett in his disclosure of a tape dispenser teaches the use of a transverse severing means and held that it would be obvious to one

skilled in the art to substitute the Hackett severing means for the perforator of Kienzle. He further noted that Hackett teaches a material supply roll and presumably includes in his dispenser guiding means as shown in Engberg inasmuch as Hackett mentions the Engberg patent in his disclosure.

In its affirmance of the rejection of claims 1 to 6 the board, noting appellant's argument that the claims require that the reference used be directed to a "taping machine" and "tape dispensing machine" as recited in the preambles of said claims, stated:

> Such designation in the preamble is not definitive of specific structure or character of mechanism. The claim must stand or fall upon the elements recited therein. While claim 1 continues to note that adhesive tape will adhere to a brush, the structure so indicated differs in no way from that present in Kienzle where a driven brush is shown as supporting a band of material. The structure thus provided has the capabilities recited which is all that is required to satisfy the terms of the claims. * * *

We agree with the solicitor that the real issue of substance in this case is resolvable on the basis of the merits of the rejection of claim 1, all of the structural limitations of which were held either to be shown in Kienzle or to be obvious in view thereof.

The essence of appellant's contention resides in the argument that:

> Both the Examiner and the Board have entirely disregarded the words "taping machine" and "tape dispensing machine" as they appear in claims 1 through 6 * * * [and] the language in the claims concerning the adherence of the adhesive tape to the surface formed by the free ends of the bristles of the brush * * *.

Appellant asserts that the language relating to the adherence of the tape to the bristles of the brush is a functional expression which must be given weight and that, when taken in conjunction with the preamble words "taping machine" and "tape dispensing machine," the error of the board in disregarding such language becomes manifest.

As to the obviousness of the structure recited in claim 1, we have no doubt that the Kienzle brush is intended to be mounted on a supporting structure accompanied by means of rotation. That portion of the claim which requires that "projecting bristles * * * terminate in free ends to collectively define a surface" is anticipated by Kienzle.

We are not persuaded that the board "entirely disregarded" the preamble and functional language as asserted by appellant. The board found that appellant's structure, even in view of the claim language, differed in no way from the disclosure of Kienzle. The board considered that the structure provided by the reference possessed the capabilities requisite to meet the terms of the claims. The rationale of the board clearly deducible from the language employed is that the Kienzle apparatus as it obviously must be constructed would inherently perform all of the functions called for in claim 1, if it were used with adhesive tape as the workpiece.

Kienzle discloses a brush bristle surface identical to that of appellant. It must follow therefore that, in the language of the claim, the Kienzle surface is one "to which adhesive tape will detachably adhere." It also logically follows that in the use of the Kienzle device with adhesive tape, rotation of the brush would ensue "while adhesive tape is adhered to said surface." The difference between the teaching of Kienzle and the claim in issue resides in the *use* of the Kienzle apparatus. If adhesive tape is used as the workpiece, the terms of claim 1 are met.

Appellant states:

> The *fundamental difference* between the machine of appellant's invention and the machine shown and described by Kienzle is that appellant's machine is a tape dispenser while the machine of Kienzle is a perforating device. [Emphasis supplied.]

It seems apparent, therefore, that the position taken by appellant does not involve any unobvious difference between the structure of his apparatus and that of Kienzle, but relates solely to the matter of use of the devices. Appellant augments this position by stating his concept to be "that the adhesive contained on adhesive tape can be adhered to the ends of the bristles of a brush and the brush can then be moved to dispense the tape from the machine * * *."

We agree with the view of the solicitor that appellant's concept:

* * * would seem clearly to relate to a method, that is, a method of handling adhesive tape, rather than an apparatus. Presenting adhesive tape to a roll in such a way as to adhere it to the roll and causing movement of the roll "while adhesive tape is adhered to said surface" are method steps and cannot properly confer patentability on an apparatus claim.

The claims in issue call for an apparatus or machine, viz. a tape dispensing machine. The manner or method in which such machine is to be utilized is not germane to the issue of patentability of the machine itself. This view finds clear support in In re Otto, 312 F.2d 937, 50 CCPA 938, 940. This court there stated:

First of all it should be remembered that the claims are directed to a particular device and a method of making that device, not to a method of curling hair wherein this particular device is used. It seems appellants are endeavoring to predicate patentability upon a certain procedure for curling hair using this device and involving a number of steps in the process. This process is irrelevant as is the recitation involving the hair being wound around the core insofar as the determination of whether these particular claims should be allowed or rejected. In re Lampert et al., 245 F.2d 253, 44 CCPA 958; In re Rishoi et al., 197 F.2d 342, 39 CCPA 1004; In re Mulholland, 129 F.2d 860, 29 CCPA 1222; In re Young, 75 F.2d 996, 22 CCPA 1060. It will

be seen that the *Lampert* case pertains to the impropriety of relying on a method concept to distinguish a structural claim over the prior art and Rishoi and the others indicate that inclusion of the material or article worked upon by a structure being claimed does not impart patentability to the claims.

Appellant cites and relies on In re Neugebauer, 330 F.2d 353, 51 CCPA 1138; In re Attwood, 354 F.2d 365, 53 CCPA 784; and In re Van Lint, 354 F.2d 674, 53 CCPA 844. Our analysis of these cases in light of the decision reached by the board does not persuade us that they support the contention here asserted by appellant. In fact, we think the rationale of In re Neugebauer, wherein the preambles of the claims recited "an electrophotographic material," supports the decision of the board in the instant case. We consider pertinent here the following statement of the court relative to the weight to be accorded preambles as positive structural limitations:

As to the claim preamble, the court has frequently considered problems related thereto. See, e. g., Kropa v. Robie et al., 187 F.2d 150, 38 CCPA 858, and cases cited therein. We know no general rule for deciding the weight to be given preambles as positive structural limitations. Ellis, for example, states "Preambles are used primarily to give the field within which the invention has utility. They designate *use* rather than *structure, form* or *composition.* [Emphasis court's.]

In the instant case, we do not consider it to be controlling that the reference does not *in haec verba* disclose "electrophotographic material." The claims *as a whole* must be analyzed in light of the disclosure to see if the article defined *thereby* is distinguishable in fact, vis-à-vis *in verbis,* over the prior art.

In the *Attwood* case, the preamble itself called for a particular structure. The same is not true here. The references in claim 1 to adhesive tape handling do not expressly or impliedly require any partic-

ular structure in addition to that of Kienzle.

As to claims 2 to 6, we do not find that they involve any substantial issue of patentability over and above that presented by claim 1. In fact, appellant's brief contains no contention that these claims embrace any patentable feature not recited in claim 1.

Upon consideration of the arguments of counsel and analysis of the authorities cited, we find no reversible error in the decision of the board.

The decision of the board is therefore affirmed.

Affirmed.